UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

KATHLEEN HOMAN,

        Plaintiff,

     v.                                     18-CV-499-LJV
                                                   DECISION & ORDER

LANDS ALLIANCE, *et al.*,

        Defendants.
_____

        On May 2, 2018, the *pro se* plaintiff, Kathleen Homan, commenced this action alleging the wrongful termination of a land lease. Docket Item 1. More than four years have passed and the defendants have yet to be served, despite multiple extensions of time from this Court. *See* Docket Items 9, 13, 17, 22, 26.

        On September 20, 2021, this Court extended the time for Homan to effect service for the fifth time and again ordered the United States Marshals Service to attempt personal service on the defendants. Docket Item 26. But this Court warned that "[i]f service [was] not successful" within 90 days of the date of that order, Homan would "be required to detail her diligent efforts to determine the correct address and to provide good reason why those efforts have been unsuccessful." *Id.* at 3. And this Court further warned Homan that if her explanation were unsatisfactory, her case would be dismissed. *Id.*

        The summonses again were returned as unexecuted in November 2021. *See* Docket Items 27, 28. Homan's time to effect service subsequently elapsed, and three more months then passed without any update from Homan about her "diligent efforts to determine the correct address" for the defendants. So on March 31, 2022, this Court

ordered Homan to "show cause within 30 days of the date of this order why this matter should not be dismissed for failure to effect timely service." Docket Item 29. This Court reiterated that a showing of "good cause" would require Homan to "explain her diligent efforts to determine the defendants' addresses and provide good reason why those efforts have proven unsuccessful." *Id.* And this Court warned Homan that if she failed to do so, her case would be dismissed without prejudice. *Id.*

On April 12, 2022, Homan responded to that order and again requested an extension of time to effect service. Docket Item 30. Homan says that "[t]he good reason for failure to effect service is that [one defendant] is still avoiding signing the document" and offers a new address for the defendants. *Id.* That response is nearly identical to Homan's prior two explanations for her failure to effect service. *See* Docket Items 21, 25. But more importantly, Homan has not offered any information about "her diligent efforts to determine the defendants' addresses" and "why those efforts have proven unsuccessful." Docket Item 29; *see also* Docket Item 26. And this Court warned Homan—twice—that if she failed to provide that information, her case would be dismissed. *See* Docket Items 26, 29.

This Court has been more than generous in extending Homan's time to effect service. While "the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m)," *see Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) (summary order), this Court already has extended Homan's deadline to effect service multiple times, *see* Docket Items 9, 13, 17, 22, 26. And Homan still has not provided an address at which any defendant may be served. *See, e.g.*, Docket Item 23 (unexecuted summons reflecting that "[the i]ndividual [is] no

2

longer at this address"); Docket Item 27 (unexecuted summons reflecting that a "new company moved in about [a] month ago"); Docket Item 28 (same).[1]

Because it became unclear whether Homan could "provide[] the information necessary to identify the defendant[s]" to properly serve them, *see Murray*, 378 F. App'x at 52, this Court twice ordered her to detail her efforts to find an address and to effect service, *see* Docket Items 26, 29.  Homan has not attempted to comply with those orders; instead, she simply has offered another address for the defendants without any suggestion about why service at that new address—unlike service at all the other new addresses she provided—would be successful.[2]

At some point, this wild goose chase must end.  *See Gustaff v. MT Ultimate Healthcare*, 2007 WL 2028103, at *3 (E.D.N.Y. June 21, 2007) ("The United States Marshals Service cannot investigate [the] defendant's whereabouts, nor can the Court.").  Because Homan has failed to comply with this Court's prior orders and explain why her attempts at discerning the defendants' addresses have proven unsuccessful— and because, given the history of this case, there is no indication that Homan ever will be able to effect service—this case is dismissed for failure to effect service under Rule 4(m).  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (affirming dismissal for

---

[1] What is more, the fact that Homan has provided addresses where the defendants do not reside belies her contention that the defendants have not been served because they are avoiding service.

[2] Homan also did not move for an extension of time to effect service until the time to do so had long expired.  Instead, she asked for another extension only after this Court prompted her to show cause why the case should not be dismissed.  *See* Docket Item 29.

failure to effect service when "[i]t was in no way evident to the court that process had been properly served[] or that such service was likely imminent").

## **CONCLUSION**

For the reasons stated above, this case is dismissed without prejudice for failure to effect service. Homan's motion for an extension of time, Docket Item 30, therefore is DENIED as moot. The Clerk of the Court shall close the case.

The Court hereby certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States,* 369 U.S. 438 (1962).

Homan must file any notice of appeal with the Clerk's Office, United States District Court, Western District of New York, within 30 days of the date of judgment in this action. Requests to proceed on appeal as a poor person must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

Dated:   August 8, 2022
         Buffalo, New York

                               */s/ Lawrence J. Vilardo*
                               LAWRENCE J. VILARDO
                               UNITED STATES DISTRICT JUDGE